In the Matter of the Claim of CLAIRE TOAL, Respondent, against CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Frank Toal, sustained an injury on July 15, 1942, which resulted in his death on July 29, 1943. At the time of his injury he was engaged in the usual course of his employment. Appellant contended that the deceased's declarations concerning the accident were not corroborated. The Workmen's Compensation Board found that there was sufficient corroboration to entitle the claimant to the benefit of presumptions. There is evidence to justify such finding. Award affirmed, with costs to the Workmen's Compensation Board. All concur, except Brewster, J., who dissents.

In the Matter of the Claim of SEYMOUR RENDT, Respondent, against LYLE F. GATES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant was injured while skidding logs which were to be drawn from one and one-half miles south of the Pennsylvania border to a mill located at Salamanca, in the State of New York. The work in Pennsylvania was incidental to the manufacture of lumber in New York. Award affirmed, with costs to the Workmen's Compensation Board. All concur. [See 270 App. Div. 782.]

In the Matter of the Claim of ANNA KUCHTA, Respondent, against R. G. G. CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by an employer and its insurance carrier from an award of death benefits in favor of the widow of Frank Kuchta, deceased employee. The employer was engaged in the real estate business and the decedent was employed as an apartment house superintendent by the employer. The Workmen's Compensation Board found that on January 29, 1943, while Kuchta was engaged in the regular course of his employment it was necessary for him to perform unusual work and exercise unusual effort and exertion in shoveling snow from the sidewalk in front of the apartment house and also from a balcony on the first floor. The board also found that while engaged in the regular course of his employment he suffered severe pains in his chest, and strain, and that the injuries sustained by him resulted in his death, and that such injuries arose out of and in the course of his employment. Award affirmed, with costs to the Workmen's Compensation Board. All concur. [See 270 App. Div. 782.]

IRVING L. HEATH, Respondent, v. NICHOLAS G. MASOTTI, Appellant.— Appeal from an order to examine the defendant before trial. Order affirmed, with $10 costs and disbursements. All concur.